M. I. O'BOYLE & SON, INC.

v.

The UNITED STATES.

No. 83–60.

United States Court of Claims.

June 6, 1962.

———◆———

Raymond A. Negus, Washington, D. C., for plaintiff. Lawrence Cake, Washington, D. C., was on the brief.

Lewis A. Dille, Kensington, Md., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

DURFEE, Judge.

In this action plaintiff seeks to recover refunds made under protest to defendant because of overpayments asserted by the General Accounting Office, determined in the post audit of plaintiff's bills for transportation services performed. The facts insofar as relevant in this case are uncontested.

During 1951 and 1952 plaintiff transported jet fuel in tank trucks for defendant from Paulsboro, New Jersey to Langley Field, Virginia. On shipments made prior to January 5, 1952, plaintiff billed defendant for charges at a rate of 5.51 cents per gallon and on shipments made subsequent to January 5, 1952, defendant was billed at a rate of 6.10 cents per gallon. Said bills were paid as rendered. Plaintiff's billings were based on a total mileage of 340 miles as the shortest practical distance by truck between Paulsboro, New Jersey and Langley Field, Virginia. Defendant contends that the charges should have been at the rate of 4.91 cents per gallon on shipments moving prior to January 5, 1952, and 5.42 cents per gallon on shipments moving thereafter, based on a distance of 293 miles as the shortest practical distance between Paulsboro and Langley Field. Defendant has exacted refunds from plaintiff based on the difference between the rates which plaintiff charged and those which defendant contends govern, and it is this amount, $7,190.88, which plaintiff seeks to recover in this action.

The discrepancy between 340 miles distance, which plaintiff contends applies, and 293 miles, which the Government argues is controlling, derives from two alternative routes between the two points. The Government would undoubtedly concede that 340 miles would represent the shortest all-highway distance between Paulsboro and Langley Field. The Government argues, however, that the shortest distance between the two points would encompass highway routes and ferries at Cape Charles and Newport News, Virginia.

O'Boyle Tank Lines Local Freight Tariffs MF–I.C.C. No. 20 and MF–I.C.C. No. 21, which govern the determination, provide in pertinent part as follows:

"Rule 1: This tariff is govern, [sic] except as otherwise provided herein, by the following described publications and by supplements thereto or reissues thereof:

\*   \*   \*   \*   \*   \*

"(2) Mileage Guide No. 5 Household Goods Carriers' Bureau, Agent MF–I.C.C. No. 47.

\*   \*   \*   \*   \*   \*

"Rule 12: Detour Route.

If, due to flood, washout, or other condition beyond the control of the carrier, any portion of the direct route from origin to destination is not available to the carrier, and, due to such conditions, a route at least ten percent greater in distance from origin to destination than the short-line distance, shown in Household Goods Carriers' Bureau, Agent, Mileage Guide No. 5, MF–I.C.C. No. 47, supplements thereto or reissues thereof, must be traversed by the carrier, the point-to-point rates named in Sections 1 to 4, inclusive, and the short-line-mileage rates named in Section 5 of this tariff are inapplicable. The applicable rate in such cases is the mileage rate named in Section 5 of this tariff for the distance over the most direct route available to the carrier, the distance to be determined by reference to the maps and charts contained in Household Goods Carriers' Bureau, Agent, Mileage Guide No. 5, MF–I.C.C. No. 47, supplements thereto or reissues thereof. The point-to-point rate, or, in the absence of a point-to-point rate, *the mileage rate applicable over the short-line route will apply where the carrier departs therefrom to avoid violations of Federal, state or municipal regulations of a permanent nature.* (Emphasis added).

\*   \*   \*   \*   \*   \*

"Rule 15: Except as otherwise provided, mileages are governed by Mileage Guide No. 5. (See Rule 1.)"

Plaintiff contends that it was unable to utilize the shorter, 293-mile route via the ferries because of permanent Coast Guard regulations prohibiting the transportation of tank-trucks loaded with flammable mixtures on the ferries. As we read the emphasized portion of Rule 12, set forth above, if the carrier is forced to deviate from the short-line route to avoid violating federal regulations of a permanent nature, the short-line route will nonetheless apply. As we view the events presently before us, this was precisely what occurred. Plaintiff's contention that due to its inability under the Coast Guard regulations to move the fuel via the ferry route, such route ceases to be the shortest practical route is not sufficiently strong to controvert the express provision of the tariff.

Moreover, Mileage Guide No. 5, Household Goods Carriers' Bureau, Agent, MF–I.C.C. No. 47 as in effect during the period here involved, which both parties used to ascertain the mileage as the basis for the per gallon rate, provides in pertinent part as follows:

"STATEMENT AS TO GENERAL PURPOSE OF THE MILEAGE GUIDE

"Every reasonable scientific effort has been employed to develop the correct mileages between all points via the shortest practical truck routes. Consideration has been given to the fact that between many points more than one desirable route may be used but involving variations in mileages, in which cases the main objective of the Guide is to fix *an arbitrary mileage* for use by all participants for control of uniformity of charges emanating therefrom. (Emphasis added.)

\*   \*   \*   \*   \*   \*

"TERMS

\*   \*   \*   \*   \*   \*

"2. The Term 'SHORTEST PRACTICAL ROUTE,' where used herein

shall mean the Shortest Practical Route for truck travel over U.S. Highways, State Highways and routes shown on Vicinity Maps herein and shall be determined by including full use of mileage information appearing herein so far as applicable over the most direct U.S. or State Highways as indicated on the State Maps and routes shown on Vicinity maps contained in this Guide.

\* \* \* \* \* \*

"MANNER OF USE

"THE RULES, MILEAGE CHART AND MAPS AS APPEAR HEREIN DEFINITELY LIMIT THE SCOPE OF DATA TO BE EMPLOYED IN DETERMINING DISTANCES BY USE OF THIS GUIDE. DISTANCES BETWEEN ANY TWO POINTS SHALL BE DETERMINED BY USE OF THE FOLLOWING RULES, *regardless of mileage that may be determined to exist by other methods of compilation and regardless of actual route which carrier may select to perform the transportation service.*" (Emphasis added.)

We conclude that these provisions indicate that the shortest route is to be used for rate-making purposes, regardless of whether it is the actual route chosen by the carrier. In the present case the only deterrent to the carrier's use of this shortest route was the regulations prohibiting the movement of flammable liquids on the ferries. Inasmuch as the last sentence of Rule 12 of plaintiff's tariff provides that the mileage rate applicable to the short-line route will apply where the carrier departs therefrom *to avoid violation* of federal regulations, we conclude that the short-line route of 293 miles must govern here.

For the reasons stated, we conclude that plaintiff is not entitled to recover. Judgment will be entered for defendant and the petition will be dismissed.

It is so ordered.

DAVIS and WHITAKER, Judges, concur.

LARAMORE, Judge (dissenting).

Finding 6, which is not excepted to by either party, defines a "direct" or "short line" route as the shortest distance which a carrier can physically move in going from one point to another.

Since by reason of U.S. Coast Guard Rules and Regulations it was legally impossible for plaintiff to transport jet fuel by ferry, it follows that it was then physically impossible for plaintiff to use that route. Nor could the route over which the Government computes the mileage be a practical route since it was impossible for plaintiff's trucks to reach the destination by use of such route.

In my opinion, the shortest, most direct, and practical route over which these shipments could move, and that which was contemplated by Rule 12, is the route for which plaintiff seeks payment.

JONES, Chief Judge, joins in the dissent.