**TRI-STATE MOTOR TRANSIT CO.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**TRI-STATE MOTOR TRANSIT CO.,**
Appellee,

v.

**UNITED STATES of America,**
Appellant.

Nos. 73-1308, 73-1383.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1974.

Decided Jan. 31, 1974.

Albert Thomson, Kansas City, Mo., for Tri-State Motor Transit Co.

Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for the U. S.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and STEPHENSON, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

The issue présented by this appeal is whether, with respect to shipments made by the Government, Tariff MF–I.C.C. No. 56 allows plaintiff Hughes Transportation, Inc. (now Tri-State Motor Transit Co.), to charge for transportation on the basis of mileage from the point of origin to destination over the route the freight was actually carried via points of interchange (Richmond, Kentucky and Charlotte, North Carolina) as claimed by plaintiff, rather than on the basis of the short line route between points of origin and destination under the Household Goods Carriers Bu-

reau Mileage Guide No. 8, as contended by the Government.

■ Plaintiff's complaint contains eighty-four counts. This case was tried to Judge Hunter without a jury. All facts were stipulated. Jurisdiction in the trial court is based on 28 U.S.C. § 1346(a)(2). Judge Hunter filed a memorandum opinion, not published, which contains detailed findings of fact, conclusions of law, and the basis of decision. By stipulation it was agreed that certain specified counts be dismissed and that judgment in an agreed amount be entered on certain other specified counts. On the counts remaining in controversy on this appeal, which involve the issue set out at the opening of this opinion, Judge Hunter upheld the Government's contention that the rate should be computed on the short line mileage basis and dismissed plaintiff's complaint as to such counts. Plaintiff has taken a timely appeal from such judgment. The Government took a cross-appeal but has filed no brief in support thereof.[1] The Government's cross-appeal is dismissed.

The decision in this case turns upon the interpretation of Tariff MF–I.C.C. No. 56 which was in full force at all times here material. Pertinent portions of the tariff are set out in the trial court's opinion. It is undisputed that the plaintiff and its connecting carrier, C. I. Whitten Transfer Co., under their operating authorities, were required to travel via the interchange points mentioned in handling the transportation here involved and that they did so. It is also established that travel through the interchange points resulted in considerably more mileage than a direct route from point of origin to destination.

As a basis for interpreting the tariff, the court quoted extensively from the interpretation guidelines set out by this court in Penn Central Co. v. Mills, Inc., 439 F.2d 1338, 1340–1341 (8th Cir. 1971), and followed such guidelines.

The Government in support of its contention that the transportation charge should be based on the short line rate places principal reliance on Item No. 50 of the tariff which reads in pertinent part:

This tariff is governed, except as otherwise provided herein by the following described publications: Mileage Guide No. 8, MF–I.C.C. No. 139 issued by Household Goods Carriers Bureau, Inc., Agent.

Mileage Guide No. 8 provides for computation of transportation charges on the short line route basis.

■ Plaintiff stresses the words "except as otherwise provided" in Item 50 and contends other sections of the tariff set forth in the trial court's opinion otherwise provide. The trial court rejected such contention, and adopted the Government's interpretation of the statute, stating as a basis:

A review of the stipulations and evidence in this cause in light of the principles outlined above, convinces that plaintiff's contentions are without merit and that there is no clear provision in the Tariff which operates as an exception to Item 50 regarding the applicability of mileage Guide No. 8 to shipments here in issue. Thus, under the terms of Tariff MF–I.C.C. No. 56 the computation of distance for determining the rate applicable to the shipments in issue is pursuant to Mileage Guide No. 8, and under the terms of this Guide the short line route rather than the route through the interchange points is the proper route for purposes of distance commodity rate computation.

No provision of Tariff MF–I.C.C. No. 56 specifically provides how mileage-distance will be computed when a joint shipment moves through an interchange point. However, by reference to Mileage Guide No. 8, Item 50 of the Tariff incorporates the Rules

**998**

of that Guide including the provision that "Distances between any two points shall be determined by use of the following rules regardless of mileage that may be determined to exist by other methods of compilation and regardless of actual route which carrier may select to perform the transportation service." This provision is clear in its wording and intent, and in order to create an exception to this provision the Tariff provisions would have to be equally clear. Further Item 60 of the Tariff infers the applicability of Mileage Guide No. 8.

The provisions of the Tariff upon which plaintiff relies to create an exception to the applicability of Mileage Guide No. 8 are at most ambiguous regarding the compuation of distances when shipments move through interchange points. Neither Items 10, 130, or 220(b) considered separately or conjunctively with the other portions of the Tariff clearly provide the method of mileage computation on joint shipments through interchange points.

\* \* \* \* \* \*

Mileage Guide No. 8 when incorporated into the provisions of a Tariff creates certainty in the computation of mileage-distance from point of origin to destination. As provided in the Guide, the determination of mileage made pursuant to its Rules is applicable regardless of the Route actually traveled by the carrier. The certainty of this method of distance-mileage computation should only be abolished by a clear and specific exception in the terms of the Tariff. There is no such clear exception regarding interchange points in Tariff MF–I.C.C. No. 56.

No cases have been cited or found interpreting this or similar tariffs. M. I. O'Boyle & Son, Inc. v. United States, 303 F.2d 446, 157 Ct.Cl. 603 (1962), lends some support to the view adopted by the trial court. We agree with the trial court's interpretation of the tariff and affirm the judgment on the basis of the trial court's well-reasoned unreported opinion.

The parties have stipulated with respect to the judgment to be entered if the Government prevails on the interpretation issue. Judgment has been entered pursuant to the provisions of such stipulation.

The judgment is affirmed on the plaintiff's appeal. The Government's cross-appeal is dismissed.

Costs taxed to plaintiff.