496 F.2d 1122
 ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, a corporation, Appellee,
v.
F. S. NEELY, d/b/a F. S. Neely Company, Appellant, v. Gene McKOWN.
ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, a corporation, Appellee,
v.
ARKO BRIQS, INC. and F. S. Neely, Individually, Appellants.
 No. 73-1761.
 United States Court of Appeals, Eighth Circuit.
 Submitted March 13, 1974.
Decided May 22, 1974.
 
 Don A. Smith, Fort Smith, Ark., for appellants.
 Charles Wayne Harris, Fort Smith, Ark., for appellee.
 Before VOGEL, Senior Circuit Judge, LAY and ROSS, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 This appeal involves consolidated suits arising under 49 U.S.C. 6(7). Demurrage charges were sought by the St. Louis-San Francisco Railway Company (hereinafter Frisco) against F. S. Neely, d/b/a F. S. Neely Company, and against Arko Briqs, Inc. The district court entered findings and judgment for the railway company and the defendants appealed. We affirm the judgment against Arko Briqs, Inc., in the sum of $204.05; we vacate the judgment against F. S. Neely Company and remand to the district court for further findings.
 
 
 2
 In the suit against Arko Briqs, Frisco sought demurrage charges on two separate railroad cars. The judgment includes a $10.00 charge on a loaded grain car arising from Arko's failure to timely release the Bill of Lading on Car No. NP 44145. On Car No. CNW 8294, the railroad filed a detention charge of $44.05 for Arko's failure to surrender the Bill of Lading within 24 hours and a demurrage charge of $150.00 for Arko's failure to notify the railroad that the car was unloaded and could be picked up. Although the evidence is conflicting on the validity of these charges, we cannot say from the record that the findings of the district court are clearly erroneous.
 
 
 3
 In the case against F. S. Neely Company, the Frisco contended that five empty coal hopper cars were ordered by Neely and delivered to him on December 23, 1970, and remained empty until December 30, 1970, thus incurring demurrage charges of $500.00.
 
 
 4
 Neely asserts two defenses: (1) that the proof varied from the pleading, and (2) that the railroad did not prove tariff charges beyond $250.00.
 
 
 5
 We need discuss only the second contention.[1] The base tariff relied upon by the railroad in the district court was Rule No. 6 Circled (18), Section A. Application of this tariff would result in demurrage charges of $50.00 per day per car. There is no disagreement by defendant over the applicability of this tariff. The dispute arises over Revised Car Service Order No. 1050. This order increased the demurrage charges to $100.00 per day. However, the order states on its face that it expires on December 1, 1970, unless extended by the Interstate Commerce Commission. At the trial, documentary proof of the extension was not made. The testimony by Frisco's agent was that the amendment was lost, but that he had seen the document and knew that the ICC had extended the order to cover the period of time involved in the present demurrage charges. No attempt to verify the extension order through the ICC was made. Upon objection,[2] the trial court stated that he would credit the testimony of the railroad agent unless the defendant could prove that the order was not in effect. We hold that the agent's proof was not the best evidence of the extension and the defendant's objection should have been sustained. Although authentication of the tariff had been waived, proof of the order itself had not been waived. The wording and dates of the order could materially affect its applicability.
 
 
 6
 Title 49 U.S.C. 6(7) requires the railroad to collect the full amount of the applicable tariff. See Chicago, Burlington & Quincy R.R. Co. v. Ready Mixed Concrete Co., 487 F.2d 1263 (8th Cir. 1973). As we observed in Norfolk & Western Ry. Co. v. Permaneer Incorporated, 455 F.2d 76 (8th Cir. 1972):
 
 
 7
 'Neither the intentional nor accidental misstatement of the applicable published rate will bind the carrier or shipper. The lawful rate is that which the carrier must exact and that which the shipper must pay.' Kansas City Southern R.R. v. Carl, 227 U.S. 639, 653, 33 S.Ct. 391, 395, 57 L.Ed. 683 (1913). It is clear that no 'act or omission of the carrier' can 'estop or preclude it from enforcing payment of the full amount by a person liable therefor.' Louisville & N.R.R. v. Central Iron & Coal Co., 265 U.S. 59, 65, 44 S.Ct. 441, 442, 68 L.Ed. 900 (1924). 'Equitable considerations may not serve to justify failure of carrier to collect, or retention by the shipper of, any part of lawful tariff charges.' Baldwin v. Scott County Milling Co., 307 U.S. 478, 485, 59 S.Ct. 943, 948, 83 L.Ed. 1409 (1939).
 
 
 8
 Id. at 77 n. 2.
 
 
 9
 The base tariff was offered in evidence. The railroad now asserts on appeal that Rule No. 6 Circled (19), Section A, is applicable rather than Circled (18), Section A, and that the charges should be $510.00 rather than $500.00. This claim was not made in the district court, nor was the demurrage bill sent to Neely by the railroad based on this provision. Presumably, the alleged extension of Revised Car Service Order No. 1050, if lawfully invoked, would increase the charge under either tariff provision. The state of the record leaves this court in doubt as to the tariff provision applicable and the proper charge that is due and owing under it.
 
 
 10
 We deem it in the interest of justice that the judgment against F. S. Neely Company be vacated and the case remanded. The district court shall make an initial determination, receiving evidence, if necessary, as to whether Circled (18) or Circled (19) of the Rule is applicable to the charges involved; the court may further receive competent proof as to whether Revised Car Service Order No. 1050 had been properly extended. Upon determination of the applicable tariff and the proper charge, the district court shall enter a new judgment for charges against the shipper. The district court's determination will of course be again reviewable, if deemed necessary by the parties.
 
 
 
 [1]
 The variance claim we deem frivolous. At trial Neely attempted to limit proof to only one car since an exhibit attached to the complaint referred only to the demurrage charge on one car. The complaint itself alleged 'cars' and Neely's answer admitted ordering and securing five cars. Neely's testimony reflects the facts. Federal pleading is notice pleading and evidence is not required to be pled
 
 
 [2]
 At oral argument counsel indicated that a pretrial had been conducted in this proceeding. We think the district court should utilize the pretrial procedure to at least require the parties in cases such as this to exchange prior to trial the respective tariffs and orders relied upon, and reach agreement on proof of foundation and authentication. The parties may always dispute the proper construction of the tariffs. Cf. Tri-State Motor Transit Co. v. United States, 490 F.2d 996 (8th Cir. 1974). But foundational disputes should no longer intrude into the orderly progress of a trial